914 F.2d 250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
SHOWN DYWER REED, Defendant-Appellant.
 No. 90-5475
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Submitted: August 14, 1990
Decided: September 17, 1990
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-90-6-A)
 John C. Rand, Alexandria, Virginia, for Appellant.
 Henry E. Hudson, United States Attorney, Marcus J. Davis, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Shown Dywer Reed pled guilty on January 8, 1990, to five counts of making false statements to federally-licensed dealers in firearms, in violation of 18 U.S.C. Sec. 922(a)(6), and five counts of receipt and possession of firearms by a person convicted of a felony punishable by more than one year in prison, in violation of 18 U.S.C. Sec. 922(g)(1). On March 9, the district court sentenced Reed to 14 months for each count, to be served concurrently; however, the sentence was to run consecutively with any other sentences previously imposed. Reed appeals, alleging that the district court should have reduced his sentence because he purchased the weapons for recreational purposes and that the United States Sentencing Guidelines mandate that his sentences run concurrently to his already existing sentence. Because we find no merit in the appeal, we affirm.
 
 
 2
 * On May 16, 1989, Reed pled guilty in the Superior Court of the District of Columbia to attempted distribution of cocaine, a felony punishable by up to three years' imprisonment. Between June 3, 1989, and October 11, 1989, Reed purchased in Virginia five firearms from federally-licensed dealers in firearms. Although a resident of the District of Columbia, each time he purchased a gun, he used a driver's license describing him as a resident of Virginia. Also, he falsely stated that he had not been convicted of a felony punishable by imprisonment of more than one year.
 
 
 3
 He was subsequently arrested on October 23, 1989, in the District of Columbia, for carrying a firearm without a license. The firearm was one of the five he had illegally purchased. The District of Columbia Superior Court sentenced him to two to six years for that crime on January 25, 1990.
 
 II
 
 4
 At the March 9, 1990, sentencing for the ten federal counts, Reed argued that he had purchased the guns for sporting purposes. The 1987 Sentencing Guidelines in effect at the time of the offense provided for a reduction in the base level of the offense of receipt or possession of a firearm "[i]f the defendant obtained or possessed the firearm solely for sport or recreation." U.S.S.G. Sec. 2K2.1(b)(2) (1987). The defendant has the burden of proving a mitigating factor by a preponderance of the evidence. United States v. Urrego-Linares, 879 F.2d 1234, 1238-39 (4th Cir. 1989).
 
 
 5
 Reed's sole evidence that he purchased the weapons for recreational purposes was that he was a gun admirer and collector, his grandfather was a gun collector, he was a member of the National Rifle Association, and he owned a target. The district court was unpersuaded by Reed's evidence that he intended to use his weapons exclusively for recreation.
 
 
 6
 The record contains evidence that the weapons might likely be used for illegal purposes. The Commentary to the Guidelines refer to the "surrounding circumstances" when determining whether the defendant intended lawful use, including "the number and type of firearms ... the location and circumstances of possession, the defendant's criminal history ... and the extent to which possession is limited by local law." U.S.S.G. Sec. 2K2.1, comment. Based on the Guidelines' factors, the defendant's past criminal behavior, and the type of weapons purchased (semi-automatic firearms), a court could easily conclude that the defendant did not intend lawful use for the weapons.
 
 
 7
 The district court found that Reed did not support his burden of proving by a preponderance of the evidence that the weapons were intended solely for sport or recreation. We will not disturb that finding. In reviewing a district court's findings under the Sentencing Guidelines, we accept the findings unless they are clearly erroneous. 18 U.S.C. Sec. 3742(e). The record contains ample supporting evidence.
 
 III
 
 8
 Reed also argues that the district court should have sentenced him to serve concurrently with the January 25, 1990, sentence imposed by the District of Columbia Superior Court for possession of one of the same firearms involved in the present case. He argues that the Sentencing Guidelines mandate a concurrent sentence because the District of Columbia sentence and the Eastern District of Virginia sentence arose "out of the same transaction or occurrence." U.S.S.G. Sec. 5G1.3.
 
 
 9
 The statutory provision governing multiple sentences of imprisonment grants the district court discretion to impose either concurrent or consecutive sentences, 18 U.S.C. Sec. 3584(a), taking into consideration among other factors the Guidelines. See United States v. Rogers, 897 F.2d 134, 136-37 (4th Cir. 1990). Here the Guidelines did not prescribe a concurrent sentence because the crimes for which Reed was convicted in Virginia did not arise out of the same transaction or occurrence that was the basis of his District of Columbia conviction. Therefore, the district court had discretion to impose a consecutive sentence.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Accordingly, we affirm.