936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hershel Dean WILLIAMS, Defendant-Appellant.
 No. 90-6371.
 United States Court of Appeals, Tenth Circuit.
 June 27, 1991.
 
 Before SEYMOUR, McWILLIAMS and JOHN P. MOORE, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Hershel Dean Williams appeals from a sentence imposed following a plea of guilty to one count of an indictment charging kidnapping and a count of possessing a firearm during the commission of a crime of violence. On appeal, he asserts the trial court erred in passing sentence. We affirm.
 
 
 2
 Mr. Williams admitted taking two young boys from their home in Moore, Oklahoma, to Houston, Texas. The boys stated that during the trip, Mr. Williams had them engage in various sexual acts. Mr. Williams also admitted a long-standing sexual relationship with one of the boys and that sex acts between them occurred during the trip to Houston. Defendant conceded he carried a weapon during the course of the kidnapping.
 
 
 3
 Mr. Williams was sentenced to a term of 260 years in state court for crimes arising out of his sexual activity with one of the boys prior to the kidnapping. Following defendant's bargained plea of guilty in this case, the district court imposed a guideline sentence of twenty-one years on the kidnapping count and sixty months on the firearms count. The court ordered the sentence on the second count to be served consecutively to the sentence on the first count, and both federal sentences to be served consecutively to the state sentence.
 
 
 4
 Defendant has presented four issues for our review. First, he contends the district court erred by misapplying the guidelines to enhance his sentence. He asserts the court's use of the state criminal offenses for enhancement was improper and that only the federal sexual offenses specifically defined in federal statutes should be used for that purpose. He argues the guidelines were not intended to incorporate crimes other than those within federal jurisdiction. We have, however, already held to the contrary. United States v. Willis, 925 F.2d 359, 361-62 (10th Cir.1991). Accordingly, this argument is without merit.
 
 
 5
 Defendant next contends the district court erred in finding that the kidnapping was committed to facilitate the crime of sexual abuse. Admitting whether the intent underlying the kidnapping is a factual question, defendant argues the trial court's finding that he kidnapped the boys to facilitate a sex crime was erroneous. This argument is based upon the contention that taking the victim with whom he had an ongoing sexual relationship to Houston "did not make having sex with [him] more or less difficult." He posits that even though he admitted knowing in advance of the trip he was going to have sex with the child, "no evidence in the record supports this was the primary reason for the kidnapping."
 
 
 6
 We have reviewed the record and conclude Mr. Williams' argument is disingenuous. Even though defendant never explicitly admitted taking the boys to Texas for the purpose of having sex, his plea of guilty belies his argument here. The count to which he pled guilty charged him with kidnapping the boy and "[holding] him for the purpose of sodomy." His plea of guilty is an admission of this fact, cf. McCarthy v. United States, 394 U.S. 459, 466 (1969) (noting that "a guilty plea is an admission of all the elements of a formal criminal charge"); United States v. Crockett, 812 F.2d 626, 629 (10th Cir.1987) (a guilty plea constitutes an admission of all material facts well pleaded in the indictment), and we find no merit in the argument.
 
 
 7
 Mr. Williams next argues the district court's application of the specific offense characteristic of "abduction" for the purposes of achieving a four-level enhancement results in an improper double counting of that conduct; hence, the trial court improperly applied U.S.S.G. Sec. 2A3.1(5). He argues the guideline for the crime of kidnapping necessarily includes the act of abduction; therefore, applying a four-level enhancement for that conduct is an improper redundancy.
 
 
 8
 We believe the guideline was appropriately applied. The district court was obliged by Sec. 2A4.1(b)(5)(B) to apply the guideline for sexual abuse, U.S.S.G. Sec. 2A3.1. Having been so directed, the court was required to apply the entire guideline. See U.S.S.G. Sec. 1B1.5. Thus, although the crime to which defendant pled includes the element of abduction, the severity of the circumstances of that crime required the punishment dictated by the guidelines for a different offense. Even though that enhanced level of punishment includes the element of abduction, it is because the punishment imposed must follow the pattern dictated for the offense of sexual abuse and not kidnapping. The sentencing scheme embodied in Sec. 2A4.1(b)(5)(B) clearly contemplates this result.
 
 
 9
 Finally, defendant argues the district court erred in ordering the federal sentences to run consecutively to the state sentence. He contends that under U.S.S.G. Sec. 5G1.3, as it existed prior to November 1, 1989, a consecutive sentence could not be ordered if the crimes which resulted in the two sentences "arose out of the same transactions or occurrences." The district court found that the federal crimes and the state crimes did not arise out of the same transactions or occurrences because defendant's motivation to commit the federal offenses was different from his motivation to commit the state offenses. The court stated the defendant "knew that the Cleveland County authorities were going to take action to disable him by imprisonment, and so he committed the kidnapping in specific reaction to that knowledge." There is ample support for that conclusion.
 
 
 10
 More importantly, however, the guideline in effect at the time of sentencing applies. 18 U.S.C. Sec. 3553(a)(4) & (5). See also United States v. Walker, 931 F.2d 631, 634 (10th Cir.1991). This result moots defendant's argument.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3