937 F.2d 617
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Keith BICKETT, Defendant-Appellant.
 No. 90-3214.
 United States Court of Appeals, Tenth Circuit.
 July 3, 1991.
 
 Before TACHA, BALDOCK and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 In September 1988, the Kansas Bureau of Investigation discovered a marijuana field in Allen County, Kansas. Upon further investigation, the government discovered that defendant Joseph Keith Bickett was a participant in a marijuana farming and processing enterprise. Defendant pled guilty to one count of interstate travel with the intent to facilitate unlawful activity, 18 U.S.C. Sec. 1952(a)(3), and was sentenced pursuant to the Sentencing Guidelines because the offense occurred after November 1, 1987. See 28 U.S.C. Sec. 994(a); United States Sentencing Commission, Guidelines Manual (Nov. 1990) [hereinafter U.S.S.G.]. Defendant appeals the sentence, contending that the court abused its discretion. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Defendant previously had been convicted in the federal district court in Louisville, Kentucky, for conspiracy to possess with intent to distribute marijuana. The court in that case imposed a twenty-year sentence on defendant. In this case, the Kansas federal district court sentenced defendant to the five-year statutorily authorized maximum sentence to run consecutively with the earlier twenty-year term imposed by the court in Kentucky. Defendant contends that it was an abuse of discretion for the court to sentence him to a consecutive term without considering whether there were "aggravating circumstances."
 
 
 3
 Pursuant to 18 U.S.C. Sec. 3742(a)(1) & (2), a defendant may appeal a sentence which "was imposed in violation of law [or] as a result of an incorrect application of the sentencing guidelines...." This grant of jurisdiction does not include an "abuse of discretion" standard for sentences legally imposed within guideline range, and we have no other jurisdictional basis to entertain such appeals. See United States v. Garcia, 919 F.2d 1478, 1481 (10th Cir.1990) (lack of jurisdiction to review sentence imposed within guideline range). See also United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir.1990) (lack of jurisdiction to review district court's discretionary decision not to depart downward); United States v. Havens, 910 F.2d 703, 706-07 (10th Cir.1990) (same), cert. denied, 111 S.Ct. 687 (1991).
 
 
 4
 Defendant has not pointed to an error in law or in guideline application. In fact, the court's sentencing determination appears facially to comply with the relevant statutes and guidelines. 18 U.S.C. Sec. 3584(a), for instance, allows a sentencing court to sentence concurrently or consecutively when the defendant is already subject to an undischarged term of imprisonment. And the guideline commentary suggests that "[w]here the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment." U.S.S.G. Sec. 5G1.3, comment. This guideline commentary is applicable to defendant.[1] Because defendant has not alleged an error in law or in application of the guidelines, we do not have jurisdiction to review the sentence. Therefore, we must dismiss the appeal.
 
 
 5
 DISMISSED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The indictment for the instant offense alleged a conspiracy beginning in January 1987, and ending in July 1989; whereas the prior sentence for marijuana distribution was imposed by the federal district court in Kentucky on May 10, 1990