**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSEPH KEITH BICKETT,

Defendant-Appellant.

No. 97-3171
(D.C. No. 97-3182-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Joseph Keith Bickett appeals the district court's order denying his motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. He contends that the sentence imposed in the underlying criminal case should run concurrently with an earlier sentence imposed by a Kentucky federal court. He asserts that his attorney provided constitutionally ineffective assistance of counsel by failing to argue that he was entitled to the provisions of United States Sentencing Guideline § 5G1.3 (1987). He claims the sentencing court applied the 1989 version of § 5G1.3, and improperly imposed his Kansas sentence to run consecutively to his Kentucky sentence. Defendant does not otherwise challenge his conviction or sentence.

Defendant was convicted in federal court in Kentucky of the crimes of conspiracy to distribute and possession with intent to distribute over 100 kilograms of marijuana, aiding and abetting his co-conspirators to possess with intent to distribute approximately 150 pounds of marijuana, being a felon in possession of a firearm, and simple possession of cocaine. See United States v. Bickett, Nos. 90-5710, 90-5711, 90-5712, 90-5726, 90-5760 & 90-5783, 1991 WL 175285, **2 (6th Cir. Sept. 10, 1991). He there received a 240 month prison sentence.

Defendant was charged in federal court in Kansas with several counts of conspiracy and possession with intent to distribute large quantities of marijuana,

as well as one count charging violation of the Travel Act, 18 U.S.C. § 1952(a)(3). He entered a guilty plea to the Travel Act count; the prosecution dismissed the remaining counts; and defendant was sentenced to five years' imprisonment, to run consecutively to his recently imposed Kentucky sentence. Our court dismissed defendant's appeal of that the sentence, which argued only that the district court abused its discretion in running the sentences consecutively instead of concurrently. See United States v. Bickett, No. 90-3214, 1991 WL 128217 (10th Cir. July 3, 1991) (no jurisdiction to review for alleged abuse of discretion).

Defendant filed this § 2255 motion within the time limit imposed by the Anti-Terrorism and Effective Death Penalty Act, see United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997) ("[P]risoners whose convictions became final on or before April 24, 1996 must file their § 2255 motions before April 24, 1997."). This court issued a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B).

The guideline defendant claims should have been applied, U.S.S.G. § 5G1.3 (1987), provided:

> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offenses(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter

case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

## Commentary

This section reflects the statutory presumption that sentences imposed at different times ordinarily run consecutively. See 18 U.S.C. §3584(a). This presumption does not apply when the new counts arise out of the same transaction or occurrence as a prior conviction.

Departure would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines.

(emphasis added).

The 1989 version of § 5G1.3, which defendant claims was erroneously applied to him, provided:

If the instant offense was committed while the defendant was serving a term of imprisonment . . ., the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment.

## Commentary

. . .

Where the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment. The court may consider imposing a sentence for the instant offense that results in a combined sentence that approximates the total punishment that would have been imposed

under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time.

(emphasis added).

A sentencing court applies the guidelines in effect at the time of sentencing unless that version imposes harsher punishment than the guidelines in effect at the time of a defendant's offense. See United States v. Saucedo, 950 F.2d 1508, 1513 (10th Cir. 1991), overruled on other grounds, Stinson v. United States, 508 U.S. 36 (1993). In that situation, the earlier version is applied to avoid violation of the Ex Post Facto Clause. See id. Here, we agree with defendant that the 1987 version of U.S.S.G. § 5G1.3 applies.

Issues that could have been raised on direct appeal may not be raised for the first time in a § 2255 motion absent a showing of cause and prejudice. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). Constitutionally ineffective assistance of counsel can satisfy the cause and prejudice requirement. See id. A claim of ineffective assistance of counsel generally should be brought in collateral proceedings under § 2255. See United States v. Svacina, 137 F.3d 1179, 1187 (10th Cir. 1998). To establish that counsel provided ineffective assistance, a defendant must establish both that his attorney's representation was deficient and that the substandard performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984).

The presence report informed the sentencing judge that defendant, with a group of acquaintances from Kentucky, engaged in a scheme to grow and harvest marijuana in several states, including seven counties in Kansas. According to the report, after harvest, "at least some of the marijuana was transported by truck to Kentucky." II R. 12. Additional information was disclosed to the sentencing judge, but not to defendant or his attorney, at the time defendant was sentenced. The previously undisclosed information was quoted by the district court in denying the § 2255 motion. The undisclosed presence report informed the sentencing judge that if the Kansas offense arose from the same transactions or occurrences as the Kentucky offense, the Kansas sentence shall be imposed concurrently, and offered arguments for imposing sentence consecutively as well as concurrently to the Kentucky sentence.

Defendant contends his appellate counsel[1] provided constitutionally ineffective assistance in his direct criminal appeal by failing to argue that the 1987 guideline required concurrent sentences. "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." Cook, 45 F.3d at 392. Here, even though the sentencing court may have been alerted to the correct guideline's

_____

[1] The same attorney represented defendant at his sentencing hearing and on direct appeal. New counsel appears in this § 2255 proceeding.

-6-

requirement that the Kansas sentence run concurrently with the Kentucky sentence if the two convictions arose from the same transactions or occurrences, the court did not make any findings. Consequently, had the issue been raised properly there would have had nothing on which the appellate court could base its review, and the case would have been remanded for findings pursuant to U.S.S.G. § 5G1.3 (1987). We therefore hold that defense counsel's performance on direct appeal was deficient under Strickland.

We are unable to evaluate whether defense counsel's deficient performance prejudiced defendant because a finding of whether the Kansas offense arose from the same transactions or occurrences as the Kentucky offenses was not made either at the sentencing hearing or on consideration of the § 2255 motion. Therefore, we conclude that this matter should be remanded to the district court. See United States v. Glover, 97 F.3d 1345, 1350 (10th Cir. 1996) (critical findings not made at sentencing or on § 2255; remanded for findings); United States v. Kissick, 69 F.3d 1048, 1057 (10th Cir. 1995), cert. denied, 117 S. Ct. 1008 (1997) (same). On remand, the district court should determine whether the Kansas offense arose from the same transactions or occurrences as the Kentucky offenses. If the court finds that the offenses did not arise from the same transactions or occurrences, then defendant suffered no prejudice from his attorney's failure to raise the issue, and he is not entitled to be resentenced.

If, on the other hand, the court finds that the Kansas and Kentucky offenses arose from the same transactions or occurrences, the court should determine whether there are grounds for an upward departure from the guidelines, justifying imposing the Kansas sentence consecutively to the Kentucky sentence. If the court so finds, it is directed to make the necessary findings for an upward departure. Cf. United States v. Shewmaker, 936 F.2d 1124, 1127-28 (10th Cir. 1991) (considering 1989 version of U.S.S.G. § 5G1.3; holding that where guideline indicates the new sentence must run consecutively, sentencing court may run new sentence concurrently if it determines that guideline departure is appropriate). Defendant is entitled to resentencing if the district court finds that the Kansas offense arose from the same transactions or occurrences as the Kentucky offenses, and that no grounds exist for an upward departure from the sentencing guidelines that would justify imposing the Kansas sentence consecutively to the Kentucky sentence.

REVERSED and REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

James K. Logan
Circuit Judge