**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES EMMANUEL EARLS,

Defendant-Appellant.

No. 97-6288
(D.C. No. CIV-97-336-A)
(W.D. Okla.)

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BARRY DEAN BISCHOF,

Defendant-Appellant.

No. 97-6308
(D.C. No. 96-CV-2044)
(W.D. Okla.)

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BARRY DEAN BISCHOF, also
known as Wes, also known as Barry,
also known as Parry Wesley Hardin,

Defendant-Appellant.

No. 98-6158
(D.C. No. 93-CR-44)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BARRETT,** and **HENRY**, Circuit Judges.

---

After examining defendants' briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

In appeals No. 97-6288 and No. 97-6308, Defendant Earls, represented by counsel, and Defendant Bischof, acting pro se, seek the issuance of certificates of appealability, see 28 U.S.C. § 2253(c)(1)(B), that would enable them to appeal the district court's denial of 28 U.S.C. § 2255 relief from their drug trafficking convictions.

Mr. Earls argues that the district court abused its discretion in refusing to allow him to amend his § 2255 motion to include a claim seeking the reduction of his conspiracy sentence because the indictment and general verdict were ambiguous as to the object of the conspiracy.  See Stafford v. Saffle, 34 F.3d

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1557, 1560 (10th Cir. 1994) (reviewing denial of leave to amend habeas petition for abuse of discretion). Mr. Earls sought to amend his § 2255 motion prior to the district court's decision denying § 2255 relief, the claim he sought to include by amendment is meritorious, see United States v. Pace, 981 F.2d 1123, 1128-30 (10th Cir. 1992); see also United States v. Bush, 70 F.3d 557, 560-62 (10th Cir. 1995) (applying Pace to post-sentencing guidelines guilty plea), and the government conceded this same claim in Mr. Bischof's § 2255 proceeding, resulting in a five-year reduction in Mr. Bischof's conspiracy sentence. Under these circumstances, we must conclude that the district court abused its discretion in refusing to allow Mr. Earls to amend his § 2255 motion to include this claim. See Stafford, 34 F.3d at 1560 (leave to amend should be freely granted when justice so requires). We, therefore, issue Mr. Earls a certificate of appealability as to this one issue, and remand this claim to the district court for resentencing.

Because both defendants have failed to make a substantial showing of the denial of a constitutional right as to any of their other claims, see 28 U.S.C. § 2253(c)(2), we deny the certificates in all other respects and dismiss the remainder of these appeals.

In appeal No. 98-6158, Defendant Bischof, represented by counsel, appeals the district court's refusal to conduct de novo resentencing, after granting him § 2255 relief from his 18 U.S.C. § 924(c) conviction. We construe this appeal as

requesting a certificate of appealability, and deny that request.  See United States v. Mendoza, 118 F.3d 707, 709 n.3 (10th Cir.), cert. denied, 118 S. Ct. 393 (1997); see also United States v. Pearce, No. 97-2173, 1998 WL 247951, at *1 n.2 (10th Cir. May 18, 1998) (treating government's appeal from district court's decision not to resentence defendant, after vacating his conviction in § 2255 proceeding, as appeal under 28 U.S.C. § 2253, rather than as direct appeal under 18 U.S.C. § 3742).

Generally, a defendant cannot raise an issue for the first time in a § 2255 proceeding, absent a showing of cause and prejudice, or that the federal court's failure to consider the issue will result in a fundamental miscarriage of justice. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).  A defendant may, however, raise a claim of ineffective assistance of counsel for the first time in a § 2255 proceeding.  See, e.g., United States v. Kunzman, 125 F.3d 1363, 1365 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998).

Arguing several different theories of relief, defendants first assert that a government witness, William Craig, falsely testified that he was not testifying pursuant to a plea agreement.  In light of the overwhelming evidence of the guilt of both defendants and the minimal importance of Mr. Craig's testimony to the government's case, there is not a reasonable probability that disclosure of the plea agreement would have affected the jury's decision.  See, e.g., Kyles v. Whitley,

514 U.S. 419, 433 n.7 (1995) (prosecutor's knowing use of perjury requires reversal of conviction if there is any reasonable likelihood that the false testimony could have affected jury's decision); Strickland v. Washington, 466 U.S. 668, 694 (1984) (constitutionally ineffective assistance requires showing that there is reasonable probability that, but for counsel's deficient performance, result of proceeding would have been different); United States v. Scarborough, 128 F.3d 1373, 1376 (10th Cir. 1997) (to establish Brady v. Maryland, 373 U.S. 83 (1963), violation, there must be reasonable probability that, had the suppressed evidence been disclosed, result of proceeding would have been different).

Defendants next argue that their attorneys were ineffective for failing to require the government to prove, at sentencing, that the methamphetamine involved in these offenses was D-methamphetamine, rather than L-methamphetamine. Because government lab reports and circumstantial evidence introduced at trial established that some of the trafficked substance was D-methamphetamine, defendants' attorneys did not provide ineffective assistance by failing to assert this issue at sentencing. See United States v. Behler, 100 F.3d 632, 636 (8th Cir. 1996) ("When the government seizes and tests an amount of a controlled substance that is less than the whole for which the defendant is responsible, the sentencing court is permitted to infer from these samples that the whole quantity attributable to the defendant contained the same

substance."), cert. denied, 118 S. Ct. 152 (1997). See generally Strickland, 466 U.S. at 692 (counsel's performance must be both deficient and prejudicial).

In further support of this claim, Mr. Earls also asserts that he has newly discovered evidence questioning the accuracy of the government's lab tests. See Coleman v. Thompson, 501 U.S. 722, 753 (1991) (cause excusing procedural bar includes previously unavailable factual basis of claim). To the extent that this new evidence was not submitted to the district court, however, we will not consider it on appeal and, therefore, we deny Mr. Earls' motion to supplement the appellate record. See John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994) (in reviewing summary judgment decision, appellate court cannot consider evidence that was not before district court). In any event, his new evidence is too vague and conclusory to call into doubt the results of the government's lab tests or to otherwise require an evidentiary hearing on this issue.

Mr. Bischof's arguments that his attorney was ineffective for failing to insure that the audiotapes given to the jury during its deliberations were properly redacted, and that the government failed to disclose that one of its agents attempted to intimidate a potential witness, are meritless.[1]

---

[1]     Although Mr. Earls also asserted these two arguments to the district court, he does not pursue them on appeal.

Finally, Mr. Bischof challenges the district court's decision not to conduct de novo resentencing after granting him § 2255 relief from his 18 U.S.C. § 924(c) conviction. The district court vacated that conviction under <u>Bailey v. United States</u>, 516 U.S. 137 (1995), and granted the government's motion to resentence Mr. Bischof, after considering the sentencing guidelines enhancement for the use and possession of a weapon. <u>See</u> U.S.S.G. § 2D1.1(b)(1). <u>See generally</u> <u>Mendoza</u>, 118 F.3d 707. In resentencing Mr. Bischof, the district court found that the enhancement was not warranted, but it also denied Mr. Bischof's motion to conduct de novo resentencing. The district court did not abuse its discretion in doing so. <u>See</u> <u>United States v. Moore</u>, 83 F.3d 1231, 1235 (10th Cir. 1996).

We, therefore, GRANT Mr. Earls' application for a certificate of appealability in appeal No. 97-6288 as to the single issue challenging the district court's denial of his motion to amend his § 2255 motion, deem the district court to have abused it discretion in denying Mr. Earls leave to amend, and REMAND that claim to the district court for resentencing. In all other respects, we DENY

defendants' applications for certificates of appealability and DISMISS the

remainder of these  appeals.


                                        Entered for the Court


                                        James E. Barrett
                                        Senior Circuit Judge