F I L E D
United States Court of Appeals
Tenth Circuit

AUG 30 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH KEITH BICKETT,

    Defendant-Appellant.

No. 99-3267
(D. Kan.)
(D.Ct. No. 97-3182-RDR)

————————————————

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Joseph Keith Bickett, a federal inmate appearing *pro se*, appeals

———————————————

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

the district court's decision dismissing his motion filed under 28 U.S.C. § 2255 in which he claimed ineffective assistance of counsel. We previously granted Mr. Bickett's request for a certificate of appealability[1] and reversed and remanded Mr. Bickett's § 2255 motion to the district court for further proceedings. We now affirm the district court's decision following remand.

Mr. Bickett's appeal arises from the fact he received consecutive, rather than concurrent, sentences for two separate federal convictions. Mr. Bickett received his first conviction for a conspiracy to distribute marijuana in Kentucky and was sentenced to 240 months in prison. *See United States v. Bickett*, 943 F.2d 53, 1991 WL 175285, at *1-2 (6th Cir. Sept. 10, 1991) (unpublished opinion), *cert. denied*, 503 U.S. 988 (1992) (*Bickett I*). The Sixth Circuit affirmed his conviction and sentence on appeal. *Id.* at *15. One year later, Mr. Bickett pled guilty in a Kansas federal district court to a charge of interstate travel with the intent to plant, cultivate, grow, harvest and possess with intent to distribute marijuana associated with a farming operation in Kansas. The Kansas federal district court sentenced him to the mandatory maximum sentence of sixty

---

[1] *See United States v. Bickett*, 149 F.3d 1191, 1998 WL 321059, at *1 (10th Cir. June 8, 1998) (unpublished opinion). Therefore, Mr. Bickett's request for a certificate of appealability is moot.

months to run consecutively to the Kentucky sentence. We dismissed Mr. Bickett's direct appeal for lack of jurisdiction because he failed to allege an error in law or application of the guidelines in attacking his sentence. *United States v. Bickett*, 937 F.2d 617, 1991 WL 128217, at *1-2 (10th Cir. July 3, 1991) (unpublished opinion) (*Bickett II)*. Appellate counsel represented Mr. Bickett during his direct appeal.

Mr. Bickett, appearing *pro se*, then bought a § 2255 motion challenging the Kansas district court's decision to run his Kansas sentence consecutively, rather than concurrently, with his Kentucky sentence. Specifically, Mr. Bickett contended his appellate counsel provided constitutionally ineffective assistance on direct appeal by failing to challenge the court's improper application of the 1989, instead of the 1987, version of § 5G1.3 of the United States Sentencing Guidelines. *See Bickett*, 1998 WL 321059, at *1-2 (*Bickett III)*. The 1987 version required concurrent sentences for offenses arising from the "same transactions or occurrences." *Id.* at *2 (relying on U.S.S.G. § 5G1.3 (1987)). The district court denied the § 2255 motion. *Id.* at *3.

On appeal, we reversed and remanded determining the 1987 version of § 5G1.3 applied and that Mr. Bickett's counsel performed deficiently by failing to

raise the § 5G1.3 issue on direct appeal. *Id.* However, we could not determine whether this deficient performance prejudiced Mr. Bickett "because a finding of whether the Kansas offense arose from the same transactions or occurrences as the Kentucky offenses was not made either at the sentencing hearing or on consideration of the § 2255 motion." *Id.* Consequently, we remanded instructing the district court to "determine whether the Kansas offense arose from the same transactions or occurrences as the Kentucky offenses," as required for a concurrent sentence under the 1987 version of § 5G1.3. *Id.* If the court found the offenses did not arise from the same transactions or occurrences, we concluded Mr. Bickett experienced no prejudice from his attorney's failure to raise the issue. *Id.* However, if the offenses did stem from the same transactions or occurrences, we instructed the district court to determine whether any grounds existed for an upward departure which would justify running the Kansas sentence consecutively to the other. *Id.* at 4.

On remand, the district court conducted an evidentiary hearing, in which Mr. Bickett and his co-defendant, Robert Shewmaker, testified. Following the hearing, the district court issued a Memorandum and Order, in which it concluded Mr. Bickett's "Kansas offense did not arise from the same transactions or occurrences as the Kentucky offenses." In support of its ruling, the court made

various findings of fact concerning both Mr. Bickett's Kansas and Kentucy convictions. As to Mr. Bickett's Kansas conviction, the court found Mr. Shewmaker, a life-long Kentucky friend of Mr. Bickett's, operated a business which grew and distributed marijuana throughout a number of states and Canada. The court further found Mr. Bickett participated in Mr. Shewmaker's Kansas operation by supervising several workers who were employed at Mr. Shewmaker's farms, including Gary Wayne Allen. This Kansas operation produced high-grade marijuana.

As to the facts involving Mr. Bickett's Kentucky conviction, the court found Mr. Bickett supplied poor quality marijuana, some of which came from Mr. Shewmaker, to a friend named Marion Paul Elder, who distributed it to several individuals from Maine.

Based on these facts, the district court determined the evidence showed Mr. Bickett "was actively involved in two separate marijuana operations–the scheme in Kansas and the scheme in Kentucky." The court held "[t]he scheme orchestrated in Kentucky had no connection with the operation in Kansas" because Mr. Bickett, Mr. Shewmaker, and others sold low-grade quality marijuana to Maine buyers, showing the marijuana was probably produced in or around

Kentucky.[2]  In so holding, the district court rejected Mr. Bickett's and Mr. Shewmaker's testimony they sold Mr. Shewmaker's Kansas-produced marijuana to the Maine buyers.  The court found their testimony incredible as demonstrated by the government's cross-examination and impeachment of their testimony.

On appeal, Mr. Bickett contends the district court erred in determining his two offenses did not arise out of the "same transactions or occurrences."  As proof, Mr. Bickett points out both offenses involve the same time-frame and some of the same individuals, including Gary Wayne Allen, who was indicted in both the Kansas and Kentucky cases, and Mr. Shewmaker, who was indicted in the Kansas case and an "unindicted coconspirator in the Kentucky case."  While Mr. Bickett contests the district court's determination his and Mr. Shewmaker's testimonies were incredible, he also suggests the only evidence showing low-

---

[2] In rendering its decision, the district court pointed out the Sentencing Guidelines do not define the phrase "arose out of the same transactions or occurrences."  Without explicitly adopting its definition, the court noted the Second Circuit has defined the phrase as meaning the same "discrete acts or events," and not simply an "ongoing operation or course of conduct."  *United States v. Vega*, 11 F.3d 309, 314 (2nd Cir. 1993); *see also United States v. Macchia*, 104 F.3d 350, 1996 WL 518509 at *2. (2nd Cir. Sept. 13, 1996) (unpublished opinion).  Mr. Bickett argues the phrase "same transactions or occurrences" should mean "the same course of conduct, or common scheme or plan."  Regardless of whether we apply the Second Circuit's or Mr. Bickett's definition, we conclude Mr. Bickett's two offenses did not arise from the same transaction or occurrence.

grade marijuana was sold to the Maine buyers came from their testimony. Finally, Mr. Bickett contends the government failed to present evidence refuting his evidence.

We begin with our standard of review. We will not disturb the district court's factual findings, following an evidentiary hearing on a § 2255 motion to vacate, unless they are clearly erroneous. *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988), *cert. denied,* 489 U.S. 1089 (1989). "[W]e also review the district court's interpretation and application of the sentencing guidelines de novo." *Rogers v. United States*, 91 F.3d 1388, 1392 (10th Cir. 1996), *cert. denied*, 519 U.S. 1134 (1997). We give due deference to the district court's determination on the credibility of witnesses, the weight afforded the testimony and reasonable inferences and conclusions drawn therein. *See United States v. Gama-Bastidas*, 142 F.3d 1233, 1239-40 (10th Cir. 1998).

The Sentencing Guideline at issue provided:

If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, *unless one or more of the instant offense(s) arose out of the same transactions or occurrences* as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.3 (1987) (emphasis added).[3]

In determining whether two offenses arise from the "same transactions or occurrences," we and other circuits have looked at the circumstances underlying each offense.[4] In this case, we find the difference in the grades of marijuana, as

_____

[3] The commentary to the 1987 version of § 5G1.3 stated:

This section reflects the statutory presumption that sentences imposed at different times ordinarily run consecutively. See 18 U.S.C. § 3584(a). This presumption does not apply when the new counts arise out the same transaction or occurrence as a prior conviction. Departure would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines.

[4] For example, these circumstances included whether the two offenses:

1) employed a different modus operandi or motivation, *see United States v. Williams*, 936 F.2d 584, 1991 WL 114725, at *2 (10th Cir. June 27, 1991) (unpublished opinion), *cert. denied*, 502 U.S. 948 (1991); *Macchia*, 1996 WL 518509, at *2;

2) were the product of entirely separate investigations or occurred in separate states, *see United States v. Miller*, 903 F.2d 341, 344 (5th Cir. 1990); *United States v. Sandvig*, 78 F.3d 596, 1996 WL 84915, at *1, n.2 (9th Cir. Feb. 28, 1996) (unpublished opinion); *United States v. Rodriguez*, 896 F.2d 1368, 1990 WL 15564, at *1-2 (4th Cir. Feb. 8, 1990) (unpublished opinion);

3) involved different actors playing different roles, or in other words, involved no common participants, *see Rodriguez*, 1990 WL 15564, at *1; *Macchia*, 1996 WL 518509, at *2;

4) involved the use of different facilities and companies, *see Macchia*, at *2;

5) occurred at different times or places so no proximity in time or space existed, *see Miller*, 903 F.2d at 344; *Sandvig,* 1996 WL 84915, at *1, n.2;

-8-

well as others circumstances, support the district court's decision.

First, given the fact the district court discredited Mr. Bickett's and Mr. Shewmaker's testimony, it was not unreasonable for the court to determine the low-grade marijuana involved in the Kentucky offense[5] did not originate from the Kansas farm, which produced a high-grade product, even though Mr. Shewmaker may have furnished Mr. Bickett low-grade marijuana on occasion from other sources. In other words, it was not unreasonable for the court to conclude the marijuana was grown at different facilities or farms. The difference in the grade of marijuana alone is sufficient to establish Mr. Bickett's Kentucky conviction stemmed from a different transaction than the Kansas conviction for marijuana associated with the Kansas farming operation. Moreover, the district court's inference the low-grade marijuana Mr. Bickett sold to the Maine buyers probably originated in Kentucky, and not Kansas, is supported by: 1) Mr. Bickett's

6) involved different crimes, *see United States v. Reed*, 914 F.2d 250, 1990 WL 133104, at *1-2 (4th Cir. Sept. 17, 1990) (unpublished opinion); or

7) stemmed from similar, but not the same, transactions. *See Vega*, 11 F.3d at 314.

[5] Despite the district court's determination that Mr. Bickett and Mr. Shewmaker lacked credibility, it was not unreasonable for the district court to rely on their testimony the marijuana involved in the Kentucky incident was low-grade, given the Sixth Circuit's finding that one of the Maine buyers traveled to Louisiana to obtain better marijuana than Mr. Bickett could supply. *Bickett I*, 1991 WL 175285, at *1.

admission he, his brother, and others produced marijuana on their Kentucky farms for sale to buyers; and 2) the improbability Mr. Bickett would travel across three states, from Kentucky to Kansas, to obtain low-grade marijuana for sale to the Maine buyers, when Mr. Bickett admitted he lived in an area of Kentucky considered a hotbed of marijuana growing activity.

Likewise, it is apparent the two offenses stemmed from entirely separate investigations occurring in separate states and involving different co-defendants. While Mr. Bickett was obviously an actor in both crimes, Mr. Bickett's contribution in the Kansas operation centered primarily on his participation in the growing of marijuana, while his role in the Kentucky conspiracy centered on his role as a supplier to the Maine buyers. *See Bickett I,* 1991 WL 175285, at *1-2. Similarly, while Mr. Bickett claims Mr. Allen was involved in both crimes, the record only shows Mr. Allen was a farm worker on the Kansas operation, and not what involvement he had in the Kentucky conspiracy. Thus, given the district court's credibility determination, we find Mr. Bickett's self-serving statement, without reference to the record in support thereof,[6] insufficient to show Mr.

---

[6] Because Mr. Bickett failed to reference the record in support of this contention, we will not consider it nor sift through the record in support thereof, but instead defer to the district court's rulings. *See Sec. and Exch. Comm'n v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992).

Allen's role in both crimes, if any, was the same.

While Mr. Shewmaker was clearly involved in the Kansas operation and, on occasion, provided Mr. Bickett with marijuana for sale in Kentucky, the district court could reasonably infer the low-grade Kentucky marijuana on which Mr. Bickett was actually convicted did not come from Mr. Shewmaker's high-grade Kansas operation. Thus, the Kentucky transaction for which Mr. Bickett was convicted was clearly different from any transactions involving Mr. Bickett's Kansas conviction.

Finally, Mr. Bickett contends the government failed to provide any evidence refuting his and Mr. Shewmaker's testimony he did not supervise workers employed by the Kansas operation. In support, Mr. Bickett points to his and Mr. Shewmaker's affidavits and testimony and the fact another participant in the Kansas operation never mentioned him when interviewed. However, we note Mr. Bickett pled guilty to the Kansas charge of interstate travel with the intent to plant, cultivate, grow, harvest and possess with intent to distribute marijuana associated with the farming operation in Kansas. Because Mr. Bickett does not contest the voluntariness of his plea, and we do not consider issues raised for the first time on appeal, *Moore v. Gibson*, 195 F.3d 1152, 1181 (10th Cir. 1999), *cert.*

-11-

*denied*, 120 S. Ct. 2206 (2000), we reject his contention he was not involved in the Kansas operation as charged. In addition, the government elicited testimony from Mr. Shewmaker on cross-examination and entered into evidence his presentencing report showing Mr. Bickett acted as a supervisor of Mr. Shewmaker's Kansas operation. The district court could use reliable hearsay information contained in the presentencing report in making its determination. *See United States v. Hershberger*, 962 F.2d 1548, 1555 (10th Cir. 1992). Lastly, the district court found incredible much of the testimony Mr. Bickett contends the government failed to refute.

Given the deference we afford to the district court's credibility determinations and reasonable inferences and conclusions drawn from the evidence, we hold the district court did not err in determining Mr. Bickett's two offenses did not arise out of the "same transactions or occurrences" for the purpose of providing a concurrent sentence as prescribed under the 1987 version of § 5G1.3. Because the district court determined the two offenses did not arise from the same transaction or occurrence, we conclude Mr. Bickett experienced no prejudice from his attorney's failure to raise on direct appeal the concurrent sentencing issue concerning the 1987 version of § 51G.3. *Bickett,* 1998 WL 321059, at *4.

For these reasons, we **AFFIRM** the district court's decision denying Mr.

Bickett's § 2255 motion.[7]

> **Entered by the Court:**
>
> **WADE BRORBY**
> United States Circuit Judge

---

[7] For good cause shown, we grant Mr. Bickett's motion to supplement the record on appeal and have reviewed and considered the documents therein submitted. We deny Mr. Bickett's motion to correct or modify the record with two pages from the transcript of John Hunt, who testified at Mr. Bickett's Kentucky trial. While government counsel referred to that transcript in questioning Mr. Bickett during the § 2255 hearing, it was never admitted into the record. *See John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 506 (10th Cir. 1994) (stating this court will not consider evidence not a part of the record before the district court); *United States v. Earls*, 156 F.3d 1244, 1998 WL 480149, at *3 (10th Cir. Aug. 7, 1998) (unpublished opinion) (applying same proposition to § 2255 proceeding). Moreover, even if we considered Hunt's transcript, as supplied by Mr. Bickett, it does not alter our holding in this case.